[File No. 6268.]

E. M. POOL, Appellant, v. C. R. JOLLEY and Mrs. C. R. Jolley. MRS. C. R. JOLLEY, Respondent.

(254 N. W. 916.)

Opinion filed May 23, 1934.

J. N. McCarter, for appellant.
F. E. McCurdy, for respondent.

Burr, Ch. J. The defendants are husband and wife. Plaintiff commenced an action in justice court against the husband, to recover for money loaned him. A warrant of attachment was issued, levy. made upon a truck, and his wife filed a third party claim of owner-

ship. On the return day the wife was in court as a witness for her husband, and the plaintiff, claiming that the rights of all parties could not be fully determined unless the wife were made a party, moved the court for an order impleading her as a party defendant, and that she, "by such order be declared to be one of the said defendants herein, and subject to all laws with reference to parties to actions as . . . described," in § 7412 of the Compiled Laws.

At the time this motion was made, the husband demanded a change of venue; but before the change was granted the justice of the peace made the following order:

"I, Chas. D. Stiles, the justice before whom this action is now to be tried, do hereby order that the said Mrs. C. R. Jolley be, and she is hereby impleaded as one of the defendants in said action, and subject to all laws, rules and regulations governing the introduction of evidence and orders of this court, as fully as tho she had been one of the original defendants in said action." This order impleading her was read to Mrs. Jolley while she was in the court of the justice of the peace. She immediately filed a special appearance, objected to the jurisdiction of the justice court over her, objected to his right to make such an order, and alleged that she was there "for no other purpose but to act as a witness and to object to the jurisdiction of the court." This objection was overruled.

The application for the change of venue was granted and the case sent to Justice Laney.

Plaintiff made a motion before the new justice that the wife "be impleaded as a party defendant," which motion was granted. It appears that Mrs. Jolley was present in the court of this justice as a witness in the case against her husband; that she made no appearance in the case before Justice Laney and left the court room.

No summons nor any complaint was served on the wife, but the justice entered judgment against her, granting the plaintiff costs against her in the sum of $33.00.

Mrs. Jolley then appealed to the district court on questions of law alone—the sole question involved being the jurisdiction of the justice court over her as claimed by means of this order impleading her, which order had been read to her in open court.

The district court entered judgment for the dismissal of the action against her and for her costs, and from this judgment the plaintiff appeals.

While § 9009 of the Compiled Laws says·: "The provisions of the code of civil procedure shall govern the proceedings in justices' courts as far as applicable when the mode of procedure is not prescribed by this code . . ." and § 7412 of the Code of Civil Procedure makes provision for interpleading a party, yet this does not dispense with service of notice on the party sought to be interpleaded. This reading to her of an order telling she was now a defendant did not give the Justice jurisdiction over her.

Appellant urges that the third party claim made by the wife brought her into the case. We need not determine whether a third party claim may be made in attachment proceedings in justice court, for in any event it is merely a notice to the sheriff or constable that a third party claims the property attached. It has no reference to the claim against the husband, the subject of the suit.

The memorandum opinion of the district court says: "In the above case it seems clear that the justice court had no jurisdiction over Mrs. C. R. Jolley. While a spectator in a court room may be called as a witness, he cannot in that summary manner be made a party to an action. No one can be sued in justice court without at least three days' notice, which is for the purpose of giving him a chance to defend himself, and I do not believe it was the intention that any person may in this indirect manner be made a party, and, called upon to defend an action forthwith, simply because he is a spectator in a court room, and because the evidence shows he might have been a party. On the record presented here, the action against the defendant Mrs. Jolley must be dismissed."

This memorandum opinion sets forth the law correctly. The justice court can obtain jurisdiction of a defendant by means of the service of a summons upon him in the manner prescribed by law or by voluntary appearance only. No summons was ever served upon Mrs. Jolley, and she did not appear voluntarily as a defendant and thus submit to the jurisdiction of the justice court. Therefore the justice had no jurisdiction to enter the judgment he did. The district court was

correct in setting aside the judgment, and therefore the judgment appealed from is affirmed.

BURKE, NUESSLE, CHRISTIANSON and MOELLRING, JJ., concur.